

## NUMBER 13-10-00610-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RAUL CORONADO JR.,**                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                            **Appellee.**

### On appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Raul Coronado Jr. challenges his conviction by a jury of one count of continuous sexual assault of a child, three counts of indecency with a child, and three counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. §§ 21.02(b), 21.11(a), 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2010). By two issues on appeal,

Coronado argues that the trial court erred in denying his motion to suppress and his motion for a DNA expert. We affirm.

## I. BACKGROUND[1]

Coronado was charged in this case with sexually assaulting and committing indecency with E.R.L., a child younger than fourteen years of age who is his common-law wife's daughter. Coronado pleaded not guilty to all charges. It is undisputed that in the investigation of the charged offenses, the police unearthed the bones of a fetus that had been buried in the backyard of the house E.R.L. shared with her mother and siblings. In her outcry, E.R.L. alleged that as a result of the sexual abuse by Coronado, she became pregnant when she was twelve years old. She suffered a miscarriage, and Coronado buried the fetus in the backyard. Coronado disputed E.R.L.'s account of the events, testifying that E.R.L. was impregnated by her boyfriend and that he helped her bury the fetus after she miscarried. The State's expert testified that the DNA recovered from the fetal remains confirmed that Coronado was the father and E.R.L. was the mother.

Before trial, Coronado filed two motions that are the subject of this appeal. First, Coronado filed a motion to suppress the evidence related to the fetus, in part, on the ground that the police did not have a warrant to search the home where the fetus was discovered. Second, Coronado filed a motion for an independent examination of DNA evidence, in which he requested appointment of his own expert to review the "DNA Material used to determine [Coronado] was the father of [E.R.L.]'s child." After hearings,

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

the trial court denied both motions.

The case was then tried to a jury, which returned a guilty verdict on all counts. The jury sentenced Coronado to life in the Institutional Division of the Texas Department of Criminal Justice for each count, and the trial court ordered the sentences to run concurrently. This appeal followed.

## II. MOTION TO SUPPRESS

By his first issue, Coronado argues that the trial erred in denying his motion to suppress because the police failed to obtain either a warrant or consent to search the premises where the fetal remains were found. Coronado argues that he was harmed by the trial court's denial because the DNA evidence from the fetal remains was central to the State's case at trial.

### A. Standard of Review

Our review of a trial court's ruling on a pretrial motion to suppress evidence is well-established law:

> The appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The appellate court should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. The appellate courts may review de novo "mixed questions of law and fact" not falling within this category.

*State v. Elias*, 339 S.W.3d 667, 673 (Tex. Crim. App. 2011) (citing *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

3

"Although we defer to the trial court's factual findings and view them in the light most favorable to the prevailing party, we review the legal issue of standing de novo." *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004) (emphasis omitted). Either the State or the appellate court may raise a defendant's standing to file a motion to suppress for the first time on appeal. *See State v. Klima*, 934 S.W.2d 109, 110-11 (Tex. Crim. App. 1996); *see also Kothe*, 152 S.W.3d at 60.

## B.  Standing

The court of criminal appeals has held that "a defendant seeking to suppress evidence obtained during a search always has the burden of proving standing to complain of the search." *Handy v. State*, 189 S.W.3d 296, 299 n.2 (Tex. Crim. App. 2006). Specifically, a defendant challenging the legality of a search must prove that he "personally had a reasonable expectation of privacy in the premises that were searched." *Id.* at 299 (citations omitted); *see Kothe*, 152 S.W.3d at 59 (citing *Rakas v. Illinois*, 439 U.S. 128, 139 (1978); *Alderman v. United States*, 394 U.S. 165, 174 (1969)). The State argues that Coronado failed to do so in this case—we agree.

> Proof of "a reasonable expectation of privacy" is at the forefront of all Fourth Amendment claims. Any defendant seeking to suppress evidence obtained in violation of the Fourth Amendment . . . must prove that he was a "victim" of the unlawful search or seizure. He has no standing to complain about the invasion of someone else's personal rights.

*Kothe*, 152 S.W.3d at 59 (citations omitted). The following factors are relevant in determining whether a defendant had a legitimate expectation of privacy: (1) whether the defendant has a property or possessory interest in the thing seized or the place searched; (2) whether the defendant was on the premises legitimately; (3) whether the

4

defendant had complete dominion or control and the right to exclude others; (4) whether, prior to the search, the defendant took normal precautions customarily taken by those seeking privacy; (5) whether the property was put to some private use; and (6) whether the claim of privacy is consistent with historical notions of privacy. *Calloway v. State*, 743 S.W.2d 645, 651 (Tex. Crim. App. 1988) (citing *United States v. Salvucci*, 448 U.S. 83, 91-93 (1980)).

In his motion to suppress, Coronado sought to exclude the "skeletal remains of [the] fetus" found buried in the backyard of E.R.L's home on the ground that the police had no warrant to search the property. However, at the hearing on Coronado's motion to suppress, Coronado presented no evidence and made no argument that he had any expectation of privacy in the residence where the fetus was found. Rather, the testimony at the suppression hearing showed that the only persons residing at the home were E.R.L., her mother, her siblings, and her mother's new fiancé. The testimony showed that E.R.L.'s mother was renting the house from her uncle, the owner of the property.

In fact, having reviewed the entire record, it appears that Coronado had not resided at the house for over a year at the time of the search. Coronado testified at trial that he moved out of the home in August 2007. The search was conducted in October 2008. In short, there was no evidence that Coronado had a property or possessory interest in, had control or dominion over, or otherwise had any interest in the house consistent with historical notions of privacy.

We conclude that Coronado failed to meet his burden to prove that he had a reasonable expectation of privacy in the home where the fetus was found. Therefore, he

lacked standing to complain of the search of the home, and the trial court did not err in denying his motion to suppress. Coronado's first issue is overruled.

### III. MOTION FOR DNA EXPERT

By his second issue, Coronado argues that he established his entitlement to a DNA expert to assist in his defense and that the trial court therefore erred in denying his motion for the appointment of one. We will not disturb a trial court's ruling on a motion to appoint an expert unless it lies outside the zone of reasonable disagreement. *See Griffith v. State*, 983 S.W.2d 282, 287 (Tex. Crim. App. 1998)

The Texas Court of Criminal Appeals has held that if an indigent defendant "requests an expert who can buttress a viable defense, due process is implicated when the trial court refuses the request." *Taylor v. State*, 939 S.W.2d 148, 152 (Tex. Crim. App. 1996) (en banc); *see Ake v. Oklahoma*, 470 U.S. 68, 76 (1985); *see also* U.S. CONST. amend. XIV. The relevant inquiry regarding whether a defendant is constitutionally entitled to an expert is whether the expert can provide assistance that is "likely to be a significant factor" at trial. *Taylor*, 939 S.W.2d at 152 (citing *Rey v. State*, 897 S.W.2d 333, 339 (Tex. Crim. App. 1995) (en banc)) (other citations omitted). "[T]he burden is on the defendant to make a sufficient threshold showing of the need for the expert's assistance." *Griffith*, 983 S.W.2d at 286-87 (citation omitted). This threshold showing requires "more than undeveloped assertions that the requested assistance would be beneficial," and the defendant must have "adequate support behind his allegations." *Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997) (citations and internal quotations omitted). The defendant's showing is generally inadequate

6

unless he supports his motion with: affidavits or other evidence in support of his defensive theory; an explanation of his defensive theory and why expert assistance would be helpful in establishing that theory; or reasons to question the State's expert and proof. *Rey*, 897 S.W.2d at 341.

In his motion, Coronado requested that the trial court enter an order allowing him to examine the DNA evidence used to determine that he was the father of E.R.L.'s child and asserted that the appointment of an expert is "reasonable and necessary for the defense herein." The motion contains no further explanation of Coronado's need for the expert. At the hearing on Coronado's motion, the following is the entirety of his counsel's argument in support of his need for a DNA expert:

> Besides that, Judge, we have pending an ex parte motion for DNA expert, where I filed affidavits. Judge, I have a case, there really wasn't a lot of case law on it, but basically, under this case, which the Court of Criminal Appeals, Taylor versus State of Texas, the Court says that the defense has a — has never found a Constitutional right to a DNA expert except when the State made DNA an issue of proof.

> In this case, Judge, a main part of the State's evidence is going to be the DNA evidence that they had taken from the bones of this child that was buried in that yard. It's become an issue of proof in this case, and we are asking that we be awarded a DNA expert as the defense has already provided in camera affidavits ex parte for the Court to review to decide whether or not they are going to appoint an expert in DNA to the defense in this case.

Although Coronado claimed at the hearing and now in his appellate brief that he filed his motion "along with sealed affidavit testimony setting forth additional specific reasons for the need of [Coronado]'s own DNA expert," he directs us to no place in the record containing those affidavits, and from our own review of the record, the affidavits do not appear in the appellate record.

7

Thus, having only Coronado's motion and argument at the hearing by which to review the trial court's determination, we cannot conclude that Coronado made the requisite showing that the requested DNA expert would provide assistance likely to be a significant factor at trial. Defense counsel's unsubstantiated conclusions were not enough. There is no evidence supporting or explanation of Coronado's defensive theory and why the expert would be helpful in support of that theory. Neither did Coronado make any showing that there was reason to question the State's expert. In light of the foregoing, the trial court did not act outside the zone of reasonable disagreement in denying Coronado's motion for a DNA expert. Coronado's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 3rd
day of November, 2011.