Dejuan Jermaine HANDY, Appellant

v.

The STATE of Texas.

No. PD–1220–04.

Court of Criminal Appeals of Texas.

April 12, 2006.

Mike Degeurin, Houston, for Appellant.

Lori Deangelo Fix, Assistant District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, and .COCHRAN, JJ., joined.

The question presented in this case is whether the court of appeals erred in upholding the trial court's denial of appellant's motion to suppress. We hold that the court of appeals did not err.

Our discussion begins with a review of the relevant facts. On January 9, 2003, a Harris County grand jury returned an indictment that charged appellant with aggravated robbery under Texas Penal Code § 29.03(a)(2). On March 21, 2003, appellant filed a boilerplate motion to suppress any evidence obtained during a search of his residence allegedly conducted by the Houston Police Department on October 24, 2002, the day of his arrest. In his motion, appellant argued in very general terms that the search violated his rights under the Fourth Amendment to the United

States Constitution and Article I, § 9, of the Texas Constitution because the search was conducted pursuant to a defective warrant, but appellant gave no factual or legal particulars as to *why* the warrant was defective.

On May 21, 2003, the State brought appellant to trial before a petit jury on his plea of not guilty. At the guilt stage of trial, the State presented six witnesses and several exhibits. Appellant then presented three witnesses to prove up an alibi. In rebuttal to appellant's alibi evidence, the State offered the testimony of a federal law-enforcement agent who allegedly participated in a search of a "drug house" in Houston on October 24, 2002. The State explained to the trial court that the federal agent would testify that appellant was arrested[1] in the drug house and was at that time "in possession of a gun that matched the description [of the handgun] used in the robbery." Before the federal agent could testify, appellant urged his written motion to suppress and argued, again in very general terms, that the federal agent's testimony should be suppressed as the fruit of an illegal search. Appellant's argument proceeded as follows:

We feel that [appellant's] constitutional rights were violated [during the search] as listed in our motion to suppress. As the court is well aware, once a motion to suppress has been filed with the court, then the burden of proof goes to the State of Texas to present evidence that the warrant—that the search warrant that was actually issued by a neutral magistrate in this particular case, was a warrant that was done within the constitutional rights of the defendant.

This particular witness [*i.e.*, the federal agent] cannot testify to whether or not that was done and cannot testify as to whether or not the information that was used to get this warrant was actually information that was credible, that was not stale and/or that he cannot testify to any of the information that was gained in the affidavit which would meet the State's burden as to being able to present credible evidence to this court that a search warrant that was used to enter the house where the defendant was arrested, where this gun was allegedly found, would be admissible in court due to the fact that they have not been able to meet their burden with that.

And under the fruit of [the] poisonous tree doctrine, anything—I believe that anything that has been found as a result of an illegal search warrant should not be admissible in this case-in-chief.

Neither appellant nor the State presented any evidence on the motion to suppress.

After hearing appellant's argument, the trial court denied his motion to suppress and allowed the federal agent to testify. Appellant then took the stand in rebuttal and testified regarding, among other things, his possession of "a weapon" at the time of his arrest. The jury later found appellant guilty as charged in the indictment. The trial court assessed his punishment at imprisonment for 35 years.

On direct appeal, appellant argued that the trial court erred in denying his motion to suppress and in admitting the federal agent's testimony regarding appellant's possession of a handgun. More specifically, appellant argued that "since the State intended to justify the search on the basis of a warrant, it [was] incumbent upon the State to produce the warrant for inspection [by] the trial court for determination of [the warrant's] sufficiency." Since the

---

1. The record is not entirely clear on this point, but it appears that during the search of the "drug house," appellant was detained af-ter "he was found in possession of a firearm" and was subsequently arrested on the basis of an outstanding arrest warrant.

State failed to produce the warrant, appellant's argument continued, the trial court erred in denying his motion to suppress.

On July 8, 2004, the First Court of Appeals rejected appellant's argument, upheld the trial court's denial of appellant's motion to suppress, and affirmed the trial court's judgment of conviction. *Handy v. State,* No. 01–03–00562–CR, 2004 WL 1516459 (Tex.App.-Houston [1st Dist.] 2004) (not designated for publication). The court of appeals gave two reasons for its rejection of appellant's argument. The court of appeals explained first that "[w]hen the existence of [a search] warrant is recognized in a motion to suppress, there is uncontradicted testimony that a [search] warrant existed, and there is no objection to its validity on its face, as in the present case, it is not necessary for the record to show that the warrant was exhibited to the court." *Id.* at 6. The court of appeals explained secondly that "the issue of whether there was a valid search and seizure was ... waived" because "appellant, in his own defense, on direct examination, testified about owning the handgun." *Id.* at 7–8.

On May 4, 2005, we granted appellant's petition for discretionary review in order to determine whether the court of appeals erred in upholding the trial court's denial of appellant's motion to suppress. In his brief to this Court, appellant continues to insist that "[i]f the State intends to justify [a] search ... on the basis of a warrant, it is incumbent on the State to produce the warrant and its supporting affidavit for inspection by the trial court." Appellant argues further that in such a situation, "in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge." With respect to the court of appeals' two reasons for denying him relief, appellant argues two points: first, that, contrary to the court of appeals' assertion,

his motion to suppress *did* attack the search warrant's facial validity, and, second, that his own testimony concerning the handgun did not "waive" the issue of whether there was a lawful search "because his own testimony was necessary to refute the [federal agent's testimony]."

■ We have held that "[w]hen a defendant objects to the [trial] court admitting evidence on the ground that it was unlawfully seized and the State relies on a search warrant, in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge." *Cannady v. State,* 582 S.W.2d 467, 469 (Tex.Crim.App.1979). See also *Miller v. State,* 736 S.W.2d 643, 648 (Tex.Crim.App.1987) (rule also applies to affidavit supporting warrant). As Professors Dix and Dawson have explained, the rationale for this rule

> "rests on the assumption that the State has more ready access to the documents at issue and thus can most easily comply with a requirement for production. When the existence or terms of those documents becomes crucial to the hearing, then the State is more fairly given the obligation of making them available. This permits the court to test the reasonableness of the State's reliance upon them and facilitates any attack upon their sufficiency the defendant may wish to mount."

G. Dix & R. Dawson, 42 Tex. Prac., Criminal Practice and Procedure § 29.111 (2d ed.2001). Furthermore,

> "[t]he basis for and formulation of the rule suggests that the State's duty [to exhibit the warrant and its supporting affidavit] does not arise until ... the defendant fulfills his initial burden of producing evidence and convincing the

court that the evidence at issue was obtained by a search or seizure, *that he has standing to contest that action, and that the police action was without a warrant or was otherwise on its face unreasonable.* Only when the analysis progresses to the warrant and supporting affidavit should the State have the duty of producing those documents."

*Id.* at § 29.112 (emphasis added).

 In the instant case, appellant never established his standing to challenge the search in question, *i.e.,* he never established that he personally had a reasonable expectation of privacy in the premises that were searched. See *Kothe v. State,* 152 S.W.3d 54, 59 (Tex.Crim.App.2004) (standing under Fourth Amendment); *Richardson v. State,* 865 S.W.2d 944, 948–949 (Tex. Crim.App.1993) (standing under Article I, § 9).[2] Although appellant asserted in his boilerplate motion to suppress that his residence was the place searched, he presented no proof of such claim to the trial court. In addition, appellant never established that the search in question was on its face unreasonable. Under these circumstances, the State had no duty to exhibit the search warrant and its supporting affidavit to the trial court.

We hold that the court of appeals did not err in rejecting appellant's argument and in upholding the trial court's denial of appellant's motion to suppress. We affirm the judgment of the court of appeals.

HERVEY, J., concurred in the result.

MEYERS, J., did not participate.

---

**2.** In *Russell v. State,* 717 S.W.2d 7, 9 fn. 6 (Tex.Crim.App.1986), we stated that "[a] mere allegation by a defendant that he was a victim of an illegal search or seizure, if not disputed by the State, is sufficient to establish standing to challenge a search or seizure." That statement is in conflict, however, with holdings of the United States Supreme Court and of this Court to the effect that a defendant seeking to suppress evidence obtained during a search always has the burden of proving standing to complain of the search. See, *e.g., Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois,* 439 U.S. 128, 139, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Kothe v. State,* 152 S.W.3d 54, 59 (Tex.Crim.App.2004); *State v. Klima,* 934 S.W.2d 109, 110–111 (Tex.Crim.App.1996). Consequently, we now disavow the aforementioned statement in *Russell.*