# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00536-CR

**The State of Texas, Appellant**

**v.**

**Marco Antonio Ayala, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. D-1-DC-09-201795, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals an order suppressing evidence in a prosecution for possession of cocaine. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2009). At issue below was the propriety of a traffic stop and subsequent detention of the vehicle. Following a hearing consisting of stipulated evidence and the arguments of counsel, the trial court ruled that the stop was lawful at its inception but that the detention was unlawful. We reverse the suppression order.

Ayala filed a motion to suppress evidence in which he contended:

> The arrest in the case was the result of a warrantless stop, search of a vehicle and arrest. Said arrest, search and seizure of Defendant was not based upon any exception to the warrant requirements. Among the fruits of said stop, search and seizure are statements and other direct evidence which the State intends to offer at the trial of this case. Such evidence was unlawfully obtained and should be in all things suppressed. Such detention, arrest, search and seizure was without probable cause and in violation of the United States Constitution Fourth Amendment search and seizure provision and Texas Constitution Article I, § 9.

The motion did not identify the "direct evidence" Ayala sought to have suppressed.

For the purposes of the pretrial hearing on the motion, the parties signed an agreed stipulation of evidence stating that Austin police officer John Claunch "would testify as set out on p. 3 and the first 2 lines of p. 4 of the offense report. Off. Claunch would further testify only one paper tag was displayed." Attached to this stipulation was a redacted copy of the officer's offense report containing the portions agreed to. The report states:

> On Thursday April 2nd, 2009, I officer Claunch #5896 was on routine patrol driving unit #8963.
>
> At about 2:28 pm I was traveling SB in the 1700 blk of Grove Blvd.
>
> At this time I observed a tan Acura 4-door traveling NB in the 1700 blk of Grove in the opposite direction.
>
> I could see that the vehicle had a July 2007 motor vehicle registration sticker displayed in the windshield.
>
> At this time I turned around on the vehicle in order to catch up and make a traffic stop for the violation of displayed expired motor vehicle registration (07/07).
>
> As I fell in behind the vehicle at the 1600 blk of Grove the driver slammed on the brakes and made a quick turn onto Fairway Street to travel EB.
>
> I was able to catch up with the vehicle and initiate a traffic stop in the 6000 blk of Fairway Street.
>
> At this time I found that the vehicle had a worn and tattered buyers tag displaying an expiration date of 4/12/09.
>
> However the display of the expired registration sticker in the windshield is still a violation of the Texas Transportation Code so I continued with the traffic stop.
>
> As I was walking up to the car I could see that there were 2 more temporary buyers tags in the back dashboard of the vehicle with 2008 registrations.

2

> Because there were multiple buyers tags on this vehicle I could see that this vehicle was not legitimately registered.

(Some capitalization omitted.)

Based on this stipulated evidence and after considering the parties' written memoranda supporting and opposing the motion to suppress, both of which were devoted to an analysis of statutes relating to the registration of motor vehicles, the trial court ruled that "the paper tag trumps the invalid inspection [sic] sticker." The court added, "I don't doubt that he had probable cause or reasonable suspicion to stop the vehicle. But once that probable cause was dispelled by the showing of a valid paper tag, then he had no reason to continue it for any purpose, automobile stop or whatever." The court signed a written order granting the motion to suppress but not identifying the evidence to be suppressed.

The State urges that under the totality of the circumstances, Claunch was justified in continuing the traffic stop even after he saw the current buyer's tag on the vehicle. The State argues that after legitimately stopping the vehicle based on the expired registration insignia, the officer was entitled, as a matter of routine, to detain the driver long enough to determine that he had a valid driver's license, proof of insurance, and no outstanding warrants. *See Kothe v. State*, 152 S.W.3d 54, 63-66 (Tex. Crim. App. 2004); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Davis v. State*, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997). Ayala replies that a temporary detention such as a traffic stop must last no longer than is necessary to effectuate the purposes of the stop, and the officer must use the least intrusive means reasonably available to verify or dispel his suspicion in a short period of time. *See Florida v. Royer*, 460 U.S. 491, 500 (1983). Ayala urges that the trial

3

court properly concluded that when Claunch saw that there was a valid buyer's tag on the vehicle, his suspicion that the vehicle was not properly registered was dispelled and the stop should have ended.

By bringing the motion to suppress, Ayala bore the burden of establishing all of the elements of his Fourth Amendment claim. *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980); *State v. Klima*, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996). One of those elements is standing: a defendant seeking to suppress evidence on the ground that it was obtained in violation of the Fourth Amendment or article I, section 9 must first show that he personally had a reasonable expectation of privacy that the government invaded. *Rakas v. Illinois*, 439 U.S. 128, 140, 149-50 (1978); *Handy v. State*, 189 S.W.3d 296, 299 (Tex. Crim. App. 2006); *Kothe*, 152 S.W.3d at 59; *Richardson v. State*, 865 S.W.2d 944, 948-49 (Tex. Crim. App. 1993). Ayala failed to meet this burden. Ayala's bare assertion in his motion to suppress that he was the victim of an unlawful search and seizure was not sufficient to establish his standing. *Handy*, 189 S.W.3d at 299 n.2. The stipulated evidence does not reflect that Ayala was driving the automobile stopped by Claunch on the afternoon in question or that Claunch invaded Ayala's protected Fourth Amendment and article I, section 9 privacy interests in any way.

The State's failure to raise standing below does not preclude it being raised on appeal. *Klima*, 934 S.W.2d at 111; *Wilson v. State*, 692 S.W.2d 661, 669 (Tex. Crim. App. 1985) (op. on reh'g). Nor does the State's failure to raise standing in this Court preclude our raising this elemental matter on our own motion. *See Handy*, 189 S.W.3d at 299. Standing is not a novel issue. *See Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008); *Pena v. State*, 191 S.W.3d 133, 137-38 (Tex. Crim. App. 2006). *Rakas*, decided in 1978, put Ayala on notice that it was his obligation to

4

prove standing as an element of his Fourth Amendment claim. *Klima*, 934 S.W.2d at 111; *Wilson*, 692 S.W.2d at 669.

Not only did Ayala fail to prove that he has standing, he also failed to show a causal connection between the challenged stop and detention of the automobile and the "statements and other direct evidence" he sought to suppress. *See Hudson v. Michigan*, 547 U.S. 586, 592 (2006) (stating that but-for causality is necessary condition for suppression). The burden of establishing the required causal connection is on the party seeking to exclude the evidence. *See Pham v. State*, 175 S.W.3d 767, 774 (Tex. Crim. App. 2005). All we know from the stipulated evidence is that after Claunch saw the buyer's tag, he "continued with the traffic stop" and saw the other, expired buyer's tags. The stipulated evidence is silent as to how the traffic stop came to result in the discovery and seizure of evidence relevant to Ayala's prosecution for possession of cocaine.

Finally, even if we disregard Ayala's failure of proof, and if we assume for the purpose of this opinion that the trial court correctly determined that the current buyer's tag "trumped" the expired registration insignia, the court erred by concluding that the officer had "no reason to continue [the traffic stop] for any purpose" after seeing the buyer's tag. Claunch lawfully stopped the suspect automobile after observing the expired registration insignia. *See* Tex. Transp. Code Ann. § 502.404 (West Supp. 2009) (unlawful to operate motor vehicle displaying out-of-date registration insignia). Under the circumstances shown by the stipulated evidence, it was reasonable and did not unduly prolong the detention for Claunch to approach the driver of the vehicle to explain the reason for the stop and to confirm that the vehicle was properly registered. Claunch's subsequent observation of the other, expired buyer's tags in the car, combined with the expired registration

insignia and the driver's abrupt and arguably evasive driving after the stop was initiated, gave him reason to suspect the legitimacy of the vehicle's registration and to continue the stop for further investigation of the matter.

For the reasons stated, the district court's order granting the motion to suppress is reversed. The cause is remanded to that court for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed:   July 7, 2010

Do Not Publish

6