

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00003-CR

Adam **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR11264
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  December 4, 2013

AFFIRMED

Appellant Adam Garcia was placed on community supervision for a term of ten years for the offense of felon in possession of a firearm.  The trial court later revoked Garcia's community supervision for committing the offense of possession of marijuana and sentenced Garcia to six years confinement in the Texas Department of Criminal Justice–Institutional Division.  On appeal, Garcia contends the trial court abused its discretion in granting the State's motion to revoke his community supervision because the State failed to produce the search warrant establishing the legality of the search in which the marijuana was found.  We affirm the trial court's judgment.

## BACKGROUND

On April 4, 2011, Garcia was placed on community supervision for a term of ten years for the offense of felon in possession of a firearm. On August 23, 2012, the State filed a motion to revoke Garcia's community supervision, alleging Garcia violated the terms of his community supervision by committing the offense of possession of marijuana. At the December 19, 2012 hearing on the motion to revoke, Detective Sendejo[1] testified he executed a search warrant on Garcia's home. The State did not produce a copy of the search warrant during the hearing. Detective Sendejo testified that during the search he found two "bricks" of marijuana and a loaded gun. After the hearing, the trial court revoked Garcia's community supervision and sentenced him to six years confinement and assessed a $1,500.00 fine.

## ANALYSIS

During a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports at least one of the State's allegations that the defendant violated a condition of his community supervision. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). In the context of a hearing to revoke community supervision, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Hacker*, 389 S.W.3d at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). Additionally, a Texas community supervision revocation proceeding is a judicial proceeding, to be governed by the rules established to govern judicial proceedings. *Ex parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App.

---

[1] The State's witness is referred to only as "Detective Sendejo" in the record, no first name is ever given.

2012). The Texas Rules of Evidence and the exclusionary rule barring illegally seized evidence apply fully to the hearing. *Id.* at 210.

Garcia argues the exclusionary rule barred admission of evidence relating to the seized marijuana because the State failed to produce the warrant authorizing the search. It is well settled that when a defendant objects to the court admitting evidence on the ground that it was unlawfully seized and the State relies on a search warrant, in the absence of a waiver, reversible error will result unless the record reflects that the warrant was exhibited to the trial judge. *Handy v. State*, 189 S.W.3d 296, 298 (Tex. Crim. App. 2006) (quoting *Cannady v. State*, 582 S.W.2d 467, 469 (Tex. Crim. App. 1979)). However, "[i]t is fundamental that a timely objection must be urged at the first opportunity in order to preserve the error for review." *Porter v. State*, 806 S.W.2d 316, 324 (Tex. App.—San Antonio 1991, no pet.) (citing *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex. Crim. App. 1985)). The timely objection must identify what is objected to and set forth grounds for the objection. *Id.* In order for the court to consider an objection timely, it must be made as soon as the ground for objection becomes apparent. *Thompson v. State*, 691 S.W.2d 627, 635 (Tex. Crim. App. 1984).

The record reflects Garcia did not timely object to the admission of evidence seized pursuant to the search warrant so as to preserve his search warrant issue for appeal. *Porter*, 806 S.W.2d at 469. Without objection, Detective Sendejo, the sole witness for the State, testified he: (1) obtained a search warrant for Garcia's home; (2) executed the search warrant; and (3) found "two bricks of marijuana and a pistol with live rounds in it" in the home during the search. Garcia did not object to this testimony. Rather, Garcia first raised the issue regarding the production of the search warrant at the end of the State's case-in-chief when he asked the court to deny the State's motion to revoke. We hold that raising the issue of the search warrant well after Detective Sendejo testified to the fruits of the search is not a timely objection. The ground for objection was apparent

when the detective testified.  *See Thompson*, 691 S.W.2d at 635.  Accordingly, we hold Garcia failed to preserve the issue for our review.  *See Porter*, 806 S.W.2d at 469.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish