Opinion filed July 28, 2022



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00232-CR

_____

## THE STATE OF TEXAS, Appellant

## V.

## MELINDA KAI DANLEY, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR55224**

## M E M O R A N D U M   O P I N I O N

Appellee, Melinda Kai Danley, filed a motion to suppress evidence seized as a result of a warrantless search of her purse. She was a passenger in a pickup driven by Wesley Butler. The trial court granted Appellee's motion to suppress based on its finding that there was no probable cause to search Appellee's purse and that Butler's consent to search the pickup did not extend to Appellee's purse. In one issue, the State now appeals. We reverse and remand for trial.

*Background Facts*

On September 17, 2019, Trooper Luke Kanz stopped a pickup driven by Wesley Butler for failing to use his turn signal. Appellee was seated in the passenger seat of the pickup at the time of the stop. Trooper Kanz ordered Butler out of the pickup and he conducted a protective pat-down search of Butler. During the pat-down search, Trooper Kanz found a small plastic bottle in Butler's front pants pocket. Butler initially denied knowing what the plastic bottle contained. However, Butler later told Trooper Kanz that the bottle contained "GHB," but Butler denied knowing for what purpose GHB is used. GHB is an abbreviation for gamma hydroxybutyric acid, a controlled substance within penalty group one. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(9) (West Supp. 2021).[1] GHB is commonly known as a date-rape drug. *See Casey v. State*, 215 S.W.3d 870, 876 (Tex. Crim. App. 2007).

At the time of the stop, neither Trooper Kanz nor a second trooper who later arrived on scene knew what GHB was. Despite Trooper Kanz's lack of knowledge concerning GHB's illegality, he asked Butler whether there was anything illegal within his pickup. Butler responded that "besides that"—an obvious reference to the GHB found in Butler's pocket—there was nothing else illegal within the pickup. After discovering the bottle of GHB, Trooper Kanz asked Butler whether he had used any drugs that night or in the past. Butler responded that he had used methamphetamines six weeks prior to the stop.

Trooper Kanz asked Butler for permission to search the pickup. Butler consented to Trooper Kanz's request to search without placing any conditions on the scope of the search. Before searching the pickup, Trooper Kanz informed Appellee that he was going to search the pickup, and he ordered her to get out of the vehicle.

---

[1] We note that the abbreviation "GHB" is specifically used in Section 481.102(9).

Trooper Kanz first searched the large purse that remained in the front passenger floorboard after Appellee exited the vehicle. Trooper Kanz found two capped syringes and twenty-nine grams of methamphetamine within the purse. However, the methamphetamine was not readily visible within the purse because it was located within a small coin purse that Trooper Kanz found in the purse. At the hearing on Appellee's motion to suppress, Trooper Kanz testified that he searched the coin purse he found in the larger purse because there was plastic sticking out of the coin purse that he believed was consistent with drug use.

After completing his search of Butler's pickup, Trooper Kanz placed Appellee under arrest for possession of a controlled substance. However, before Trooper Kanz transported Appellee to the Midland County Jail, a second trooper arrived on scene. Trooper Kanz asked the second trooper whether he knew what GHB was. Similarly, the second trooper also did not know what GHB was. Accordingly, Butler was not arrested that night.

Appellee filed a motion to suppress in which she asserted that her purse was illegally searched. The trial court granted Appellee's motion, and it subsequently entered findings of fact and conclusions of law. The trial court concluded that the search was illegal because Trooper Kanz lacked probable cause to search the coin purse located within the larger purse. Additionally, the trial court found that Butler's consent to search the pickup did not extend to either Appellee's purse or the smaller coin purse.

*Analysis*

We note at the outset that the State has limited rights of appeal in criminal cases. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (West 2018). The State is entitled to appeal a court order that grants a motion to suppress if jeopardy has not attached and if the elected prosecutor certifies to the trial court that the appeal is not

taken for the purpose of delay and that the suppressed evidence is of substantial importance to the case. *Id.* art. 44.01(a)(5). The elected district attorney for Midland County personally signed the notice of appeal certifying the matters required to invoke this court's jurisdiction to review the trial court's interlocutory order granting the motion to suppress. *See State v. Redus*, 445 S.W.3d 151, 154–55 (Tex. Crim. App. 2014).

In its sole issue, the State asserts that the trial court erred in granting Appellee's motion to suppress. When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the defendant initially bears the burden of proof. *State v. Martinez*, 569 S.W.3d 621, 623–24 (Tex. Crim. App. 2019) (citing *Russell v. State*, 717 S.W.2d 7, 9–10 (Tex. Crim. App. 1986), *disavowed on other grounds by Handy v. State*, 189 S.W.3d 296, 299 n.2 (Tex. Crim. App. 2006)). The defendant meets her initial burden by establishing that a search or seizure occurred without a warrant. *Id.* at 624 (citing *Russell*, 717 S.W.2d at 9–10). If the defendant meets this burden, the burden then shifts to the State to show the reasonableness of the search or seizure. *Id.* It is undisputed in this case that Appellee's purse was searched without a warrant.

We use a bifurcated standard when reviewing a trial court's ruling on a motion to suppress evidence. *Martin v. State*, 620 S.W.3d 749, 759 (Tex. Crim. App. 2021) (citing *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013)). In applying this standard, "[w]e give almost total deference to the trial court's findings of fact and review *de novo* the application of the law to the facts." *Id.* (quoting *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019)). "When a trial judge makes express findings of fact, an appellate court must examine the record in the light most favorable to the ruling and uphold those fact findings so long as they are supported by the record." *Id.* (quoting *State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App.

2017)).  If the trial court's ruling is correct under any applicable theory of law, we will uphold the ruling.  *Id.*

*Automobile Exception*

Under the Fourth Amendment, all searches conducted without a warrant are per se unreasonable unless an exception to the warrant requirement applies. *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017) (citing *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003)).  One exception to the warrant requirement is the automobile exception.  *Id.*  The automobile exception allows police officers to conduct a warrantless search of an automobile if the vehicle is readily mobile and the officer has probable cause to believe that the vehicle contains contraband.  *Id.* (citing *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)).

Probable cause to support a warrantless search of an automobile exists when "the facts and circumstances known to law enforcement officers are 'sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'"  *Id.* at 599–600 (quoting *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949)); *see also Ornelas v. United States*, 517 U.S. 690, 696 (1996) (holding that probable cause to conduct a warrantless search exists if, when viewing the historical facts, an objectively reasonable police officer would conclude that probable cause exists).  Probable cause exists when there is "a 'fair probability' of finding inculpatory evidence at the location being searched." *Marcopoulos*, 538 S.W.3d at 600 (citing *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008)). When analyzing the probability of finding inculpatory evidence, a reviewing court should consider "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."  *Id.* (quoting *Brinegar*, 338 U.S. at 175).  Additionally, we must consider the "totality of the circumstances

known to the officer." *Id.* The scope of a warrantless search that is based on probable cause is just as broad as a search authorized by a properly obtained warrant. *See United States v. Ross*, 456 U.S. 798, 823 (1982).

An officer may conduct a warrantless search of all containers within a car as long as the officer has probable cause that the container conceals the object of the search. *See Neal*, 256 S.W.3d at 282 (citing *Ross*, 456 U.S. at 825). This rule applies regardless of who the owner of the container is. *See Guajardo v. State*, No. 13-19-00424-CR, 2020 WL 7063685, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 3, 2020, no pet.) (mem. op., not designated for publication) (citing *Wyoming v. Houghton*, 526 U.S. 295, 302 (1999)).

Generally, when reviewing a trial court's ruling on a motion to suppress, we review "the evidence in the light most favorable to the trial court's ruling." *Marcopoulos*, 538 S.W.3d at 600 (quoting *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006)). Moreover, we will give the trial court's historical determinations almost complete deference. *Id.* However, we will review de novo the trial court's application of search and seizure law to historical facts. *Id.* Here, the trial court made express findings of facts and conclusions of law. Thus, our analysis will give almost total deference to the trial court's factual findings, but we will review de novo the application of search and seizure law to those facts.

This case hinges on whether Trooper Kanz had probable cause to search Butler's pickup and, under the rule in *Neal*, Appellee's purse. Neither party contends that Butler's vehicle was immobile. *See Marcopoulos*, 538 S.W.3d at 599 (noting the requirements for the automobile exception to apply). Rather, Appellee contends that Trooper Kanz did not have probable cause to search Butler's pickup or her purse because he did not know that GHB was illegal at the time of the search. Probable cause is a legal determination that is subject to de novo review. *State v. Sheppard*,

271 S.W.3d 281, 291 (Tex. Crim. App. 2008). "The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer[,] and it requires a consideration of the totality of the circumstances facing the arresting officer." *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

It is undisputed that Trooper Kanz was unaware of GHB's illegality at the time of the search. However, Trooper Kanz's lack of knowledge about the particular illegality of GHB is irrelevant to a probable cause determination because it relates to his subjective belief. Viewed objectively, the facts, when considered together, provided Trooper Kanz with the necessary probable cause to search Butler's pickup and, by extension, Appellee's purse. *See Neal*, 256 S.W.3d at 282 ("If [the automobile exception] applies, then the police may search 'every part of the vehicle and its contents that may conceal the object of the search.'" (quoting *Ross*, 456 U.S. at 825)). Butler told Trooper Kanz that the plastic bottle contained GHB. By doing so, Butler admitted to possessing a penalty group one substance, and he later indicated to Trooper Kanz that the substance was illegal to possess. *See* PENAL § 481.102(9). These matters objectively gave Trooper Kanz probable cause to search the automobile and its contents for contraband. As we held in *Daves v. State*, the discovery of drug paraphernalia on the person of the driver of a vehicle gives officers probable cause to believe that the vehicle contains evidence related to that offense. 327 S.W.3d 289, 293 (Tex. App.—Eastland 2010, no pet.); *see Houghton*, 526 U.S. at 297–98 (1999) (holding that hypodermic syringe found in driver's pocket gave police officers probable cause to search the driver's vehicle for contraband).

Additionally, Trooper Kanz testified that he became suspicious of Butler and Appellee because at 1:00 a.m. they were driving in an area of Midland known for its illegal drug activity.[2] When asked if he had used any drugs in the past, Butler

---

[2]We acknowledge that presence within a "hotbed of narcotics activity" is insufficient, by itself, to establish probable cause. *See Marcopoulos*, 538 S.W.3d at 601.

admitted that he had used methamphetamine in the past, albeit six weeks prior to the stop. When taken together, these factors provided Trooper Kanz with probable cause to search Butler's pickup for additional narcotics. Under the rule in *Neal*, Trooper Kanz also had probable cause to search the containers within Butler's pickup that were capable of concealing contraband, including Appellee's purse. *See Neal*, 256 S.W.3d at 282; *see also Houghton*, 526 U.S. at 307 (holding that officers with probable cause to search a vehicle may inspect passengers' belongings found in the vehicle that are capable of concealing the object of the search). As stated by the Supreme Court in *Houghton*:

> When there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers without a showing of individualized probable cause for each one. A passenger's personal belongings, just like the driver's belongings or containers attached to the car like a glove compartment, are "in" the car, and the officer has probable cause to search for contraband *in* the car.

526 U.S. at 302. Moreover, Trooper Kanz further testified that the small coin purse where he found the methamphetamine had plastic packaging sticking out of it which, in his experience, was consistent with drug packaging. A law enforcement officer's training and experience are factors to consider when considering the totality of the circumstances. *See Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007)

Based on the facts within Trooper Kanz's knowledge prior to his search of Butler's pickup, and subsequently Appellee's purse, we conclude that a person of reasonable caution would have believed that there was probable cause to search Butler's pickup. *See Marcopoulos*, 538 S.W.3d at 599–600. When viewing the facts objectively as a whole, there existed a fair probability that Trooper Kanz would discover inculpatory evidence of contraband within Butler's pickup. *See id.* Because Trooper Kanz found the methamphetamine in Appellee's purse as the result

of a legal search pursuant to the automobile exception, the trial court erred when it granted Appellee's motion to suppress. We sustain the State's sole issue.

*This Court's Ruling*

We reverse the trial court's order granting Appellee's motion to suppress, and we remand this case to the trial court for further proceedings consistent with this opinion.


JOHN M. BAILEY
CHIEF JUSTICE


July 28, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.