

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0330-22

### TERRY WAYNE KING II, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE 1st COURT OF APPEALS
### TARRANT COUNTY

McClure, J., delivered the opinion of the Court in which Keller, P.J., Hervey, Richardson, Yeary, Newell, Keel, and Slaughter, JJ., joined. Walker, J., filed a dissenting opinion.

## OPINION

Does an employee retain standing to contest a search or seizure in his work vehicle several days after he was arrested and after the vehicle was returned to his employer? Possibly. In this case, however, we hold that Appellant has not met his burden to establish a reasonable expectation of privacy as would confer standing.

BACKGROUND

On April 19, 2018, in Fort Worth, Appellant Terry King assaulted a twelve-year-old girl who was on her way to the school bus. At all times relevant to this case, Appellant was working as a truck driver, operating a semi-tractor trailor (hereinafter, "truck") owned by his employer, John Feltman. Due to the nature of his work as a long-haul truck driver, Appellant lived out of the truck while working on the road. On July 17, 2018, Appellant was arrested in Oklahoma City, Oklahoma near the tractor trailer truck he drove. On the same day, the Oklahoma police searched the truck pursuant to a warrant. During the search, detectives found Appellant's cell phone and intended to seize it, but inadvertently left the cell phone in the truck. The gathered evidence, minus the cell phone, was transported to the Fort Worth Police Department. Upon realizing the cell phone was missing, Fort Worth Police Detective Pat Henz contacted the truck owner, Feltman, and asked him to retrieve the phone and send it to the police department. Upon receipt on August 9, 2018, a search warrant for the contents of the cell phone was issued and executed. Child pornography was found on the cell phone.

During punishment, the State sought the admission of the child pornography into evidence. Appellant moved to suppress this evidence, arguing that the cell phone was seized from the truck after the search warrant expired and was no longer valid. The State acknowledged that the warrant had expired, but argued that Appellant had no standing to challenge the seizure because he retained no expectation of privacy in the truck when the phone was seized, given that the truck belonged to Feltman. The trial court denied the

motion to suppress, explaining on the record that Appellant's expectation of privacy in the truck had expired by the time the phone was seized.

COURT OF APPEALS

On appeal, Appellant argued, among other things, that the trial court erred in denying the motion to suppress the photographs containing child pornography. The First Court of Appeals found in Appellant's favor and reversed. The court held that Appellant had standing to challenge the seizure of the phone because his expectation of privacy in the truck had not ended or diminished when Feltman seized the cell phone for the police. The court reached its conclusion by analyzing the factors enumerated in *Granados v. State* to determine whether Appellant had an expectation of privacy. *King v. State*, 650 S.W.3d 241, 275 (Tex. App.—Houston [1st Dist.] 2021) (citing *Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002)). The following is a reproduction of the factors analyzed by the lower court followed by a summary of its analysis.

(1) <u>Whether the accused had a property or possessory interest in the place invaded</u>:

Not only did Appellant have his employer's permission to possess and operate the truck, but because of the nature of his work as a trucker, Appellant lived out of the truck while working. The other items seized included clothing, toiletries, a backpack, medication, a journal, a social security card, electronics, and personal pictures reflect that the truck was a living space.

(2) <u>Whether he was legitimately in the place invaded</u>:

Ownership is only one factor to consider in a search and is not a prerequisite for standing. The Supreme Court of the United States held in *Byrd* that a person has a reasonable expectation of privacy in a motor vehicle owned by another. This case was based on the reasonable expectation of privacy an individual has in a rental car. The Supreme Court of the United States has likewise held that employees often have a reasonable expectation of privacy in the workplace, even where that workplace is shared with other employees.

(3) <u>Whether he had complete dominion or control and the right to exclude others</u>: Appellant's use of the truck demonstrates lawful control and a right to exclude others.

(4) <u>Whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy</u>: The cell phone was located in the semi-truck alongside Appellant's personal belongings and valuables.

(5) <u>Whether he put the place to some private use</u>: Appellant lived out of the semi-truck.

(6) <u>Whether his claim of privacy is consistent with historical notions of privacy</u>: Historically, homes are protected with the utmost respect for privacy. Meanwhile, workplaces have been given a moderate amount of reverence.

Following the lower court's reversal, the State petitioned this Court on the following ground: Did the court of appeals err in concluding that an employee retained an expectation

of privacy in his work vehicle several days after he was arrested and after the vehicle was returned to his employer? The State argues that the lower court's decision "unreasonably extends an employee's expectation of privacy in a work vehicle."

ANALYSIS

To reach the State's question of whether Appellant had an expectation of privacy in the truck at the time the cell phone was seized, we address the following preliminary questions: (i) What is standing? (ii) Who bears the burden of establishing standing? (iii) Did Appellant meet this burden?

i.      **What Is Standing?**

To challenge the constitutionality of a search, a defendant must have "a legitimate expectation of privacy in the place invaded." *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)(plurality opinion). In a motion to suppress, the issue of whether a legitimate expectation of privacy exists—whether a defendant has "standing" to contest a search—is determined by a trial court after consideration of the "totality of the circumstances surrounding the search." *Ex parte Moore*, 395 S.W.3d 152, 159 (Tex. Crim. App. 2013). When reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's factual findings and view them in a light most favorable to the prevailing party, but review the legal issue of standing *de novo*. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). Absent a legitimate expectation of privacy, a defendant lacks standing to raise this issue and we may not consider the substance of his complaint. *Id.*

As the First Court of Appeals noted, courts look to several factors when deciding whether a person has a reasonable expectation of privacy in a place or object searched. They are:

(1) whether the person had a proprietary or possessory interest in the place searched;

(2) whether the person's presence in or on the place searched was legitimate;

(3) whether the person had a right to exclude others from the place;

(4) whether the person took normal precautions, prior to the search, which are customarily taken to protect privacy in the place;

(5) whether the place searched was put to a private use; and

(6) whether the person's claim of privacy is consistent with historical notion of privacy.

*Granados*, 85 S.W.3d at 223. Because this list is not exhaustive and no one factor is dispositive of a particular assertion of privacy, we examine the circumstances in their totality. *Id*.

## ii.    Who Bears the Burden?

Appellant has the burden of establishing all the elements of his Fourth Amendment claim. *Klima*, 934 S.W.2d at 111 (citing *Rawlings v. Kentucky*, 448 U.S. 98, 105, 100 S. Ct. 2556 (1980)). As noted in *Wilson v. State*, 692 S.W.2d 661, 669 (Tex. Crim. App. 1985), defendants are on notice that a privacy interest in the searched premises is an element of a Fourth Amendment claim which they have the burden of establishing.

Allegations in a motion to suppress are not "self-proving" and are insufficient to establish standing without proof. *Calloway v. State*, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988); *accord Handy v. State*, 189 S.W.3d 296, 299 (Tex. Crim. App. 2006) (holding that Handy's assertion made in the motion to suppress that the residence searched belonged to the defendant was insufficient where "he presented no proof of such claim"). Evidence must prove both that the defendant "exhibited an actual subjective expectation of privacy" and that society recognizes this expectation as an objectively reasonable one under the circumstances. *Villarreal*, 935 S.W.2d at 138.

Part of that proof includes establishing his own privacy interest in the premises searched. *Id*. (citing *Rakas v. Illinois*, 439 U.S. 128, 149–50 (1978); *Wilson v. State*, 692 S.W.2d 661, 666–67 (Tex. Crim. App. 1994)). A defendant, because he has greater access to the relevant evidence, has the burden of proving facts establishing a legitimate expectation of privacy. *Villarreal*, 935 S.W.2d at 138.

This reasonable expectation of privacy must exist *at the time of the seizure or search*. *See McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997) (analyzing McDuff's expectation of privacy "at the time of the search"). A person can have a reasonable expectation of privacy in a location at one point in time and lose that expectation when his status with respect to the location changes. *See, e.g., Tilghman v. State*, 624 S.W.3d 801 (Tex. Crim. App. 2021); *Granados*, 85 S.W.3d at 225. Relevant to this proceeding, Appellant must establish that he had a reasonable expectation of privacy at the time his phone was seized.

### iii.      Did Appellant Meet His Burden?

At the hearing on the motion to suppress, the defense offered a copy of the affidavit, the search warrant, and return and inventory for purposes of the hearing. The only witness called to testify was Detective Jeremy Perkins with the Oklahoma City Police Department. Perkins testified that he wrote the warrant for the search, helped conduct the search, and located a cell phone with a shattered screen that was mounted to the front windshield. Detective Perkins testified he did not collect the cell phone, did not recall seeing somebody else collect it, and did not have possession of the phone.

Appellant stipulated to the following facts:

(1) Appellant was arrested in Oklahoma County on July 17, 2018;

(2) Appellant was arrested near and after driving the tractor trailer in question;

(3) The tractor trailer is owned by John Feltman;

(4) There was a search of that tractor trailer pursuant to a warrant;

(5) As a result of that search, what was thought to be the Defendant's cell phone was found and was photographed;

(6) The phone was inadvertently left in the truck and not seized by the joint search of the Oklahoma City Police Department and the Fort Worth special crime — or major case unit;

(7) Detective Henz, upon receiving the inventory from that search, realized that that phone was not in property;

(8) Detective Henz contacted the owner of the tractor trailer, John Feltman;

(9) Mr. Feltman looked in the truck and found the phone;

(10) John Feltman shipped the phone via FedEx to Detective Henz and was reimbursed for the shipping costs;

(11) On August 9, 2018, Detective Henz gained possession of the actual cell phone, which matched the photograph taken during the search on July 17, 2018;

(12) The contents of the phone were searched by a separate warrant (which is not contested by Appellant).

While the lower court analyzed whether Appellant retained an expectation of privacy of the trailer *at the time of his arrest*, that court did not analyze whether Appellant had an expectation of privacy of the trailer *at the time of the seizure of the cell phone*. *See McDuff*, 939 S.W.2d at 618. Instead, it appeared to hold that because Appellant had an expectation of privacy when he was arrested and because his arrest alone could not be used as supporting an expired expectation of privacy, that he retained such expectation. *King*, 650 S.W.3d at 280. It ignored one glaring issue: the burden lies with Appellant to establish a reasonable expectation of privacy at the time the search occurred. *See Kothe*, 152 S.W.3d at 59; *see also McDuff*, 939 S.W.2d at 618.

With the proper time frame and burden in mind, we hold that Appellant failed to establish his own privacy interest in the truck at the time of the seizure of the cell phone. Specifically, no questions were asked regarding Applicant's right to privacy in the tractor trailer at the time of the seizure of the cell phone such as Appellant's employment status, whether Appellant's keys or other personal property remained in the trailer, whether he

had the right to exclude others from the trailer, or whether the truck was still being put to private use by Appellant. Likewise, no questions were asked of John Feltman, such as the date when the seizure occurred. In fact, John Feltman was not called to testify at all.

Ultimately, Appellant produced insufficient evidence of his reasonable expectation of privacy in the search of the tractor trailer. Nor did the parties' stipulation establish any reasonable expectation of privacy on Appellant's behalf. *See Moore*, 395 S.W.3d at 161; *see also Villarreal*, 935 S.W.2d at 139. Viewed in the light most favorable to the trial court's ruling, the record shows Appellant failed to meet his burden of establishing his subjective expectation of privacy that society is prepared to recognize as objectively reasonable under the circumstances. *See Granados*, 85 S.W.3d at 225–26; *Villarreal*, 935 S.W.2d at 138–39.

## CONCLUSION

From this record, we find that Appellant did not put on any evidence indicating that—at the time of the seizure of the phone—he had any proprietary or possessory interest in the tractor trailer, or, for that matter, any evidence demonstrating a reasonable expectation of privacy in the tractor trailer when John Feltman took the phone from the truck and mailed it to the detective. *See generally Esco v. State*, 668 S.W.2d 358, 361 (Tex. Crim. App. 1982). Therefore, we hold as a matter of law that Appellant failed to establish standing to assert a Fourth Amendment claim. Accordingly, we reverse the judgment of the court of appeals and affirm the trial court's judgment.

DELIVERED: June 28, 2023

PUBLISH