**Opinion issued July 31, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NOS. 01-23-00876-CR
### 01-23-00877-CR

_____

**ROBERT AARON ROSALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cases 1682769 & 1682770**

---

## O P I N I O N

A grand jury indicted the appellant for five charges of possession of child pornography. The appellant moved to suppress the State's evidence based on a claim that it was obtained illegally. After a hearing, the trial court denied that motion. The appellant then entered a plea bargain where he pleaded guilty to two charges in return

for the State dismissing three charges and recommending that he be placed on deferred adjudication community supervision for four years. The trial court accepted the plea bargain, entered orders of deferred adjudication community supervision, and certified the appellant's right to appeal his written motion to suppress.

In three points of error, the appellant complains that the trial court erred in denying his pre-plea motion to suppress. We affirm.

## I.    Background

The record contains no facts of the appellant's offense beyond those in the probable-cause affidavit. That affidavit says the appellant had in his Dropbox account two videos showing a young girl, "approximately 8–11 years of age," exposing her private parts and masturbating.

### A.    The Affidavit

According to the affidavit, Dropbox, an online "cloud storage" site, provided a "Cybertip" to the National Center for Missing and Exploited Children (NCMEC) that a user had uploaded eight files that depicted suspected child pornography. The affidavit said that "[t]he general public and other entities can, upon discovery of child exploitation or suspicion of the same, use either the phone-in tip line or the online portal to share the information with NCMEC," and then NCMEC would forward the tip to an appropriate law enforcement agency. Dropbox's tip included

the eight files, which the affiant, Officer Wilson, viewed and confirmed at least two files contained child pornography.

Dropbox's Cybertip said the files were in the appellant's account. Dropbox gave two IP addresses that had been used to access the account. Another officer, Officer Corrales, issued an administrative subpoena to Comcast. According to the affidavit, information from Comcast connected both IP addresses to a Comcast subscriber who lived on Avenue J in Houston. According to the affidavit, someone with the appellant's last name lived at the Avenue J address.

The affidavit requested a warrant for the electronic customer data in the possession of Dropbox relating to the appellant and the account where the child pornography was being stored.

## B. The Motion to Suppress

The appellant moved to suppress all evidence obtained pursuant to the warrant. The motion made two claims. First, it made what is commonly called a *Franks*[1] claim: that the affidavit contained false statements and without those false statements the affidavit did not contain probable cause. According to the motion, the affidavit contained false information about what date the child pornography was uploaded, and falsely claimed that both IP addresses were linked to the Avenue J address when, in fact, only one IP address had been so linked. The motion also

---

[1]    *See Franks v. Delaware*, 438 U.S. 154 (1978).

claimed that the affidavit created a misimpression by omitting material evidence—that Comcast said it had no user information for one of the subpoenaed IP addresses.

The motion's second claim was that the affidavit contained information obtained illegally, and without that information the affidavit did not contain probable cause. The motion advanced two theories under which the information in the affidavit was illegally obtained. First it alleged that Dropbox, a company based in California, had violated Texas Penal Code and federal laws related to accessing someone else's computer, wiretapping, and viewing child pornography when it viewed the files the appellant uploaded to Dropbox's servers.

The motion also claimed that Dropbox acted as a government agent when it viewed the appellant's files, making the first review an illegal warrantless search. According to the appellant, NCMEC was a governmental entity, and Dropbox had agreements with NCMEC—which allowed it to use NCMEC's tools to detect child pornography—that turned Dropbox into NCMEC's agent.

## C.    The Hearing

The only witness at the suppression hearing was Officer Wilson. He discussed the investigative process and admitted to a few inaccuracies in the affidavit. The State admitted Dropbox's terms of service, though the version introduced post-dated the relevant events. The appellant introduced several documents from the investigation, such the Cybertip and information provided by Comcast in response

to Officer Corrales's subpoena. The appellant also introduced documents related to the agreement between Dropbox and NCMEC as well as NCMEC's tax documents, which showed a significant level of government funding.

The trial court denied the appellant's motion and entered findings of fact. As to the *Franks* claim, the trial court found the affidavit contained three false statements: 1) The affidavit falsely stated that the child pornography had been uploaded on May 27, 2019; 2) The affidavit falsely stated that Officer Wilson asked Dropbox to preserve its records in anticipation of a warrant; and 3) The affidavit falsely stated that both subpoenaed IP addresses had been connected to the Avenue J address, but in fact Comcast had said it had no customer information for one of the IP addresses on the requested date. The trial court found Officer Wilson "demonstrated a reckless disregard for the truth in his affidavit," but also found that the affidavit contained probable cause even without the false statements.

As to the appellant's claim that Dropbox's initial "search" was unlawful, the trial court found that the appellant failed to prove Dropbox acted as a government agent. The trial court found that, regardless of the agreements between Dropbox and NCMEC, the appellant did not prove Dropbox used NCMEC software to search his account. The trial court found that because Officer Wilson had viewed nothing other than the files Dropbox had already viewed, there was no unlawful search.

## II.    Appeal

The appellant raises three points of error. The first two points claim that Officer Wilson's warrantless review of the appellant's child pornography was unlawful. The third point claims the trial court erred in denying the appellant's *Franks* claim.

### A.    Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a well-settled bifurcated standard of review. *State v. Huynh*, 683 S.W.3d 803, 809 (Tex. App.—Houston [1st Dist.] 2023, no pet.). We review the trial court's factual findings for an abuse of discretion, and the trial court's application of the law to the facts de novo. *Id*. At a suppression hearing, the trial court is the sole trier of fact and judge of witness credibility, and the trial court may choose to believe or disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We review the record in the light most favorable to the trial court's ruling to determine whether the evidence supports any express fact findings. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We will sustain the trial court's ruling if that ruling is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id*. at 447–48.

**B.     Burden of proof**

The appellant argues it was the State's burden to prove the lawfulness of Officer Wilson's initial review of the files submitted by Dropbox. That argument misapprehends the procedural posture of his challenge.

Texas courts employ a presumption of proper police conduct. *See State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011). When a defendant moves to exclude evidence based on the exclusionary rule, "[a]s the movant . . . a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State." *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986), *disapproved of on other grounds by Handy v. State*, 189 S.W.3d 296 (Tex. Crim. App. 2006).[2]

A defendant defeats this presumption by showing that a search was conducted without a warrant. *Id*. When the defendant meets that burden, it becomes the State's burden to prove the lawfulness of the search, seizure, or arrest by showing an exception to the warrant requirement. *See Robinson*, 334 S.W.3d at 779 (officer's testimony establishing probable cause for arrest and consent for search carried burden to show exception to warrant requirement). If the State meets *that* burden, it

---

[2]     *Handy* disapproved of a holding in *Russell* regarding *how much* evidence a defendant needed to produce to show standing for a Fourth Amendment claim. *Handy*, 189 S.W.3d at 299 n.2. It does not bring into question *Russell*'s discussion of who bears the burden of proof.

7

becomes the defendant's burden to show any other law violations that would render evidence inadmissible. *See id.* (where defendant alleged law violation during consented-to search, burden was on defendant to produce evidence of law violation and failure to do so was fatal to claim).

In modern Texas practice, most often the parties will know before the hearing whether there was a warrant. When both parties know the search, seizure, or arrest was warrantless, it is common for the State to stipulate as much. If that happens, the hearing and subsequent appeal might give the appearance that the State began with the burden of proof to establish the lawfulness of the search, but that is because the State's stipulation relieved the defendant of his initial burden. *See, e.g.*, *id.* at 778 ("The trial court held a hearing on the motion, beginning by telling appellee that since it was his motion, he should proceed. The State interrupted, agreeing to stipulate that the arrest was without a warrant, and that because of the stipulation, the State should go first. Appellee and the trial court both agreed. The State then called the only witness. . . ."). Without such a stipulation, the defendant must produce evidence that the search, seizure, or arrest was warrantless. *See Hogan v. State*, 954 S.W.2d 875, 877 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (holding defendant's failure to produce evidence arrest was warrantless was fatal to suppression claim where State did not stipulate arrest was warrantless).

If the State shows the complained-of evidence was obtained pursuant to a warrant, the presumption of proper police conduct remains intact, and it is the defendant's burden to defeat it by "prov[ing] the invalidity of the warrant." *Russell*, 717 S.W.2d at 9; *see Hyland v. State*, 574 S.W.3d 904, 911 (Tex. Crim. App. 2019).[3] For claims that seek to overcome the presumption of proper police conduct by going behind the face of the probable-cause affidavit—such as by showing the affidavit contains false statements or relied on illegally obtained evidence—the defendant bears the burden of proof. *See Derby v. State*, 960 S.W.2d 274, 276 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (defendant bears burden of proof to show probable-cause affidavit relied on illegally obtained evidence); *Davidson v. State*, 249 S.W.3d 709, 718 (Tex. App.—Austin 2008, pet. ref'd) (same); *Hyland*, 574 S.W.3d at 911 (defendant bears burden of showing statements in probable-cause affidavit are false).

The appellant claims the State had the burden to prove Officer Wilson's review of the files NCMEC submitted was lawful. That might be true if, rather than

---

[3] While the phrase "presumption of proper police conduct" is distinct to Texas law, the allotment of burdens in Texas is similar to practice in the federal courts and most states. *See* Wayne R. LaFave, 6 SEARCH & SEIZURE § 11.2(b) (6th ed. 2020) ("With respect to the issue which is usually central in a motion to suppress hearing—the reasonableness of the challenged search or seizure—most states follow the rule utilized in the federal courts: if the search or seizure was pursuant to a warrant, the defendant has the burden of proof; but if the police acted without a warrant the burden of proof is on the prosecution.").

get a warrant, the State had proceeded to trial and offered those files into evidence. Instead, Officer Wilson used the information he obtained from those files to get a warrant. Because the appellant sought to suppress evidence that was obtained via warrant, it was the appellant's burden to "prove the invalidity of the warrant." *Russell*, 717 S.W.2d at 7.

**C. Under the private search doctrine, Officer Wilson's warrantless review of the files was not a Fourth Amendment search because the appellant failed to show Officer Wilson viewed more than had Dropbox.**

The appellant's first point claims the warrant is invalid because the affidavit relied on illegally obtained evidence. He claims that Officer Wilson conducted an unlawful warrantless search of the files when he viewed them before getting a warrant. The appellant claims that the illegally obtained information—the description of the video contents—must be excised from the warrant affidavit, and without this information the affidavit does not contain probable cause. While this argument was not raised in the appellant's motion, the appellant raised it at the suppression hearing.

For purposes of the Fourth Amendment, a "search" occurs when the government 1) intrudes on property or 2) gets information in violation of an individual's reasonable expectation of privacy. *State v. Huse*, 491 S.W.3d 833, 840 (Tex. Crim. App. 2016). The appellant's claim involves only the second kind of search.

10

The Fourth Amendment does not protect against searches from non-governmental actors, so long as the non-governmental actor is not searching at the behest of or as an agent of government. *Burwell v. State*, 576 S.W.3d 826, 831 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). Under the "private-search doctrine," if a non-governmental actor searches an item and gives it to police, later police conduct viewing the item is not a "search" for Fourth Amendment purposes unless it exceeds the scope of what the non-governmental actor viewed. *United States v. Jacobsen*, 466 U.S. 109, 117–20 (1984); *Burwell*, 576 S.W.3d at 831.

In the affidavit, Officer Wilson stated he had watched two video files that Dropbox included with its Cybertip. The appellant introduced the Cybertip into evidence at the suppression hearing. The Cybertip stated that someone at Dropbox had viewed the "entire contents" of both files. Thus, the trial court's finding that "the scope of the search by Officer Wilson (or NECMEC) did not exceed the scope of the private search done by Dropbox" is supported by the record.

The appellant attempts to rebut this by directing us to Officer Wilson's testimony that he did not personally know how much of the videos the Dropbox employees watched. But Officer Wilson did not dispute the statement in the Cybertip, he said merely he had no personal knowledge on the point. As the moving party attacking a valid warrant, the burden of proof was on the appellant to show the affidavit relied on illegally obtained evidence. *Derby*, 960 S.W.2d at 276. Nothing

11

in the record shows that Officer Wilson viewed more of the files than the Dropbox employee. [4]

The trial court, in its role as factfinder, did not abuse its discretion by finding the statement in the Cybertip credible. *See Ross,* 32 S.W.3d at 855; *see also United States v. Landreneau*, 967 F.3d 443, 453 (5th Cir. 2020) (holding that Cybertip "bears sufficient indicia of reliability to support its probable accuracy" and information in Cybertip is sufficient to meet preponderance-of-the-evidence standard necessary for finding at federal sentencing hearing).

The trial court's finding that a Dropbox employee viewed the entire files is supported by the record. Officer Wilson's review of the files was, under the private-search doctrine, not a search. We overrule the appellant's first point.

---

[4]    It is worth noting that from the descriptions in the record the videos contained nothing but child pornography. The only information that was relevant for the warrant was that the files contained child pornography. The appellant's argument has an unstated premise that it was possible for someone at Dropbox to view only part of the files such that their nature as child pornography was not revealed immediately—as though the videos had opening credits or a lead-in scene. But the appellant introduced no evidence of that. From the descriptions in the record, any portion of the videos would have been sufficient to support probable cause they were child pornography.

**D.** **The appellant did not prove Dropbox acted as an agent of the government.**

In his second point, the appellant claims the trial court erred by finding that Dropbox acted as a private entity rather an agent of government. Our resolution of this issue is controlled by our precedent in *Burwell*.

*Burwell* is factually much like this case. *See Burwell*, 576 S.W.3d at 828–30. There, Adobe—another electronic service provider—reviewed files a user had stored on its servers and determined they were child pornography. It reported those files to NCMEC, and Officer Wilson—apparently the same Officer Wilson as in this case—got a warrant for the suspected account. Burwell challenged the search warrant by arguing that Adobe acted as a government agent when it reviewed his files. We stated the legal standard:

> [T]o determine whether a person is acting as an "instrument" or agent of the government, we ask (1) whether the government knew of, and acquiesced in, the intrusive conduct, and (2) whether the party performing the search intended to assist law enforcement efforts or, instead, to further his own ends. We must consider both elements.

> We conduct our analysis of this question on a case-by-case basis in light of all the circumstances. The defendant bears the burden of proving that a private party acted as an agent of the government.

*Id*. at 831–32 (citations and quotations omitted).

We rejected Burwell's claim because he adduced no evidence proving either element. Officer Wilson's testimony in that case showed that he was unaware of Adobe's conduct before receiving the Cybertip, and there was no evidence of

13

NCMEC's[5] awareness of Adobe's conduct before it happened. Burwell also adduced no evidence of Adobe's intent. *Id.* at 832.

The same analysis applies here. The appellant did not introduce any evidence that either NCMEC or the Houston Police Department was aware of Dropbox's review of the appellant's files. Nor did the appellant introduce any evidence that showed Dropbox's intent—one way or the other—in reviewing his files.

The appellant attempts to distinguish his case from *Burwell* by pointing to the documents he admitted showing some cooperative arrangements between Dropbox and NCMEC. But these documents show nothing more than that NCMEC would let Dropbox use its tools to analyze suspected child pornography. As the State correctly points out, none of these agreements requires Dropbox to search for child pornography and at least one is explicit that Dropbox is "authorized but not obliged" to use the tools provide by NCMEC. The agreement the appellant leans most heavily on, regarding Dropbox's use of NCMEC's "PhotoDNA" programming code, requires Dropbox to report to NCMEC about its use of PhotoDNA, but it does not

---

[5] Relying on *United States v. Ackerman*, 831 F.3d 1291 (10th Cir. 2016), both Burwell and the appellant have argued that NCMEC is a government agency. As we noted in *Burwell*, in *Ackerman* it was NCMEC that conducted the initial review of the user's file, so NCMEC's status as a government agency was determinative. In *Burwell* and here, however, another actor performed the initial review and turned the files over to NCMEC. Whether NCMEC is a government agency is not determinative to the legality of the initial review if the company conducting the initial review was not acting as an agent of NCMEC. We presume, *arguendo*, that NCMEC is a government agency.

require Dropbox to actually use PhotoDNA. The agreement explicitly disclaims an agency relationship. And, as the trial court found, the appellant failed to prove that Dropbox used PhotoDNA or any of the tools provided by NCMEC to assess his child pornography. If a Dropbox employee opened and viewed the appellant's files of the employee's own volition, these documents would have no bearing on that. But the appellant introduced no evidence of how or why Dropbox reviewed his files.

The appellant failed to carry his burden to show that Dropbox acted as a government agent when it viewed the files identified in its Cybertip. We overrule his second point.

E.    **The trial court correctly held that the affidavit contained probable cause even without the complained-of statements.**

In his third point, the appellant claims that the trial court erred by not sustaining his *Franks* claim.

A *Franks* claims requires a defendant to show: 1) the probable-cause affidavit contains false statements, 2) those false statements were made deliberately or with a reckless disregard for the truth, and 3) without those statements the affidavit does not contain probable cause. *Hyland v. State*, 574 S.W.3d 904, 911 (Tex. Crim. App. 2019). If the trial court finds there were false statements, they were made with the requisite state of mind, and the remaining statements do not add up to probable cause, then the warrant is invalid. *Id.*

The trial court found that three statements in Officer Wilson's affidavit were false, and were made with a reckless disregard for the truth: 1) That child pornography was uploaded to the appellant's Dropbox account on May 27, 2019, 2) That Officer Wilson asked Dropbox to preserve its records relating to the Cybertip, and 3) That business records from Comcast identified the users associated with the specified IP address in January and May 2019 when, in fact, the records identified the user associated with one of the IP addresses in May only.

The trial court concluded, however, that the affidavit contained probable cause even without these statements. On appeal, the State argues the trial court's ruling that probable cause existed was correct. That is the only issue before us, and we agree.

As the trial court found, excising Officer Wilson's statement that he asked Dropbox to preserve its files did not undermine probable cause because elsewhere in the affidavit Officer Wilson truthfully stated that he knew from training and experience that Dropbox had a practice of preserving account contents when it reported a Cybertip. The affidavit says that Officer Wilson received the Cybertip from NCMEC on July 27, 2019, and the warrant issued on September 6, 2019. Digital evidence is "is of the sort that can reasonably be expected to be kept for long periods of time in the place to be searched." *Veal v. State*, 682 S.W.3d 577, 583 (Tex. App.—Houston [1st Dist.] 2023, pet. ref'd) (holding probable cause still existed that

16

digital evidence would still be on cell phone after four months in police storage); *cf. United States v. Robinson*, 741 F.3d 588, 597 (5th Cir. 2014) (collecting cases holding that digital evidence information was not stale after ten months, a year, and thirteen months).

In oral findings, the trial court found that removing the statements about the January IP address and the date of the upload did not vitiate probable cause. We agree.

Probable cause for a search warrant exists if, under the totality of the circumstances in the affidavit, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). Without the date of upload or information about specific dates of when the appellant accessed the account, the affidavit still established that there was child pornography in an online account registered to the appellant and that the website hosting the account was preserving the contents of that account pending investigation. That's probable cause. Information about when the files were uploaded might be important—even determinative—at a trial, but here, was unnecessary to show that a search of the account would uncover evidence of an offense.

The trial court did not err in denying the appellant's *Franks* motion. We overrule the appellant's third point.

### III.   Conclusion

We affirm the trial court court's judgment.

Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

Publish.